SUSIE B. RIDER et al.

*v.*

MARY E. CLARKSON et al.

[Heard July 13th, 1910.  Determined July 14th, 1910.]

1. Although it is lawful for a person to keep a vicious dog, it is unlawful to keep such a dog in such manner that neighbors are unnecessarily exposed to danger.  And where is appears that the dog in question is only restrained by a fence over which he can jump at will, and that the owner refuses to adopt suitable measures to prevent the dog's escape, and that the complainants are in danger of being attacked as they leave their home, a preliminary injunction will be issued restraining the owner from longer keeping the dog on the premises in question without the adoption of suitable measures to prevent him from escaping therefrom.

2. The joinder as complainants of parties similarly affected by such a vicious dog is proper in such a case.

On bill, &c., for injunction.

*Mr. S. Cameron Hinkle,* for the complainants.

*Messrs. Thompson & Cole,* for the defendants.

LEAMING, V. C.

Defendants have been duly served with a copy of the bill and accompanying affidavits and an order to show cause why preliminary relief should not be granted, and have not denied the truth of the matters charged.  These matters must, therefore, at this time be deemed to be true.

It is lawful for a person to keep a vicious dog.  *DeGray* v. *Murray, 69 N. J. Law (40 Vr.) 458.*  But it is not lawful for a person to keep a vicious dog in such manner that neighbors are unnecessarily exposed to danger.  It is no less a nuisance for a neighbor to keep a vicious dog without appropriate restraint,

and in such manner that the dog can, and will, escape and inflict bodily harm, than it is for such neighbor to conduct a lawful business in such negligent manner as to endanger the health of residents in the vicinity. The undisputed facts are that the dog in question is vicious, and is only restrained by a fence over which he can jump at will; and that the owner of the dog refuses to adopt suitable measures to prevent the escape of the dog; and that complainants are in danger of being attacked by the dog at such times as they leave their homes. The dog has been ordered by the municipality to be killed, pursuant to the provisions of a local ordinance, but the execution of that order has been prevented by a writ of *certiorari;* in the meantime the unlawful conduct of defendants renders it unsafe for complainants to pass to and from their homes. I think it the undoubted duty of a court of equity to extend immediate relief against the continuance of such conditions.

I see no reason why complainants may not appropriately join in the bill. They suffer special injury by reason of the proximity of their properties to the property occupied by defendants, and the wrongful conduct of defendants affects them in a similar way and at the same time. See *Rowbotham* v. *Jones, 47 N. J. Eq. (2 Dick.) 337.*

I will advise a preliminary injunction restraining defendants from longer keeping the dog on the premises in question without the adoption of suitable measures to prevent the escape of the dog from the premises.